Shi v. Holder

BIA
Nelson, IJ
A094 922 372

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand twelve.

PRESENT:
>    ROSEMARY S. POOLER,
>    BARRINGTON D. PARKER,
>    RAYMOND J. LOHIER, JR.,
>        *Circuit Judges.*

_____

YING SHI*,* AKA YING XING SHI,
>        *Petitioner,*

>                                10-2225-ag
        v.                       NAC


ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:      Jan Potemkin, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Richard M. Evans, Assistant
                     Director; Virginia Lum, Attorney,
                     Office of Immigration Litigation,
                     Civil Division, United States
                     Department of Justice, Washington,
                     D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Ying Shi, a native and citizen of China, seeks review of a May 11, 2010, decision of the BIA affirming the May 29, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Shi*, No. A094 922 372 (B.I.A. May 11, 2010), *aff'g* No. A094 922 372 (Immig. Ct. N.Y. City May 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Shi does not challenge the agency's findings that he did not suffer past persecution, but argues that he established that he will be targeted for sterilization upon

2

return to China because of his "other resistance" to China's family planning policy. The agency reasonably determined that Shi failed to establish that his fear of future persecution was objectively reasonable, given that he only claims to have heard from other people that family planning officials wanted to sterilize him, he lived and worked in his home province for one year without incident after he heard that family planning officials wanted to sterilize him, and he did not testify that he took any efforts to conceal his presence during that time. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."). *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

Although Shi claims that background materials established the objective reasonableness of his fear, Shi did not present any evidence of forced sterilization in his home province of Fujian, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 160-61, 169-70 (2d Cir. 2008), and the BIA specifically addressed the background evidence submitted and

3

reasonably concluded that the evidence did not establish that Shi would be unable to live securely outside of his home village, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Because objective evidence of future harm is required for withholding of removal and CAT relief, the agency did not err in denying relief based on Shi's failure to establish that his fear of future sterilization was objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 183-86 (2d Cir. 2004) (providing that CAT claim requires petitioner to "proffer objective evidence that he or she is likely to be tortured in the future").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4